UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

KERNAN CHARLERY, WILLIAM JEREIS,
and ERIKS MARKEVICS,

individually and on behalf of all other persons
similarly situated,

        Plaintiffs,

    -against-                       No. 14 Civ. 07699 (CM)

INNOVATIVE ELECTRICAL SERVICES, LLC,
ANTHONY BARTOLOMEO, and
CHEZ DEGENNARO,

        Defendants.
_____x

> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC #:**
> **DATE FILED:** 11 6 14

## MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR DISMISSAL OR ALTERNATIVE RELIEF AND SANCTIONS

McMahon, J.:

    The defendants have moved to dismiss this Fair Labor Standards Act ("FLSA") suit and asked for sanctions on the ground that the plaintiffs already had an identical action pending in this courthouse before Judge Forrest. If the complaint were not to be dismissed, the defendants asked that it be transferred to Judge Forrest.

    For the reasons given below, the motion is DENIED in its entirety.

### BACKGROUND

    The defendants run an electrical construction company in Yonkers, New York. In February 2014, three former employees – not including the plaintiffs named in this suit – filed a complaint before Judge Forrest alleging that the defendants had violated the FLSA and state labor law. *See Lauer, et al. v. Degennaro, et al.*, No. 14-cv-00868 (S.D.N.Y.). The *Lauer* plaintiffs sought to represent an "opt-out" class action with respect to the state claims and an "opt-in" collective action

1

with respect to the FLSA claims on behalf of their former co-workers. Without any ruling on class or collective action certification, several people filed opt-in notices. Those opt-in plaintiffs included the named plaintiffs in *this* suit: Kernan Charlery, William Jereis, and Eriks Markovics. *See id.*

The defendants sought to forestall any collective action by making each of the named *Lauer* plaintiffs an offer of judgment under Fed. R. Civ. P. 68. The *Lauer* named plaintiffs accepted the defendants' offers of judgment before there was any ruling on a request for conditional certification of any collective or class action. No Rule 68 offers were made to the opt-in plaintiffs; only the named plaintiffs received such offers.

On September 15, 2014, Judge Forrest dismissed the entire *Lauer* action as moot. Reasoning that "defendants' Rule 68 offer of judgment rendered this action moot," she found that the court no longer had subject matter jurisdiction. *See Lauer*, No. 14-cv-00868, Docket #75 at 5-7.

However, Judge Forrest reminded the parties that any former employees who had as-yet unsatisfied grievances against the defendants could file their own actions. *Id.* at 7. This included the opt-in plaintiffs, because "no collective class action has been certified, dismissal w[ould] not prejudice [them] . . .: *they remain[ed] free to file their own actions for overtime compensation against defendants*." *Id.* (emphasis added).

One week later, on September 23, 2014, the *Lauer* opt-ins Charlery, Jereis and Markevics did what Judge Forrest had explicitly permitted and filed their own suit. They asked that the case be assigned to Judge Forrest as related to the *Lauer* suit. On October 7, 2014, Judge Forrest declined the matter as unrelated to the *Lauer* action. Only then was it assigned to me.

2

The day after Judge Forrest declined to accept this action as related to *Lauer*, the plaintiffs in *Lauer* asked Judge Forrest to reconsider her dismissal of their complaint, citing *Gonyer v. Vane Line Bunkering, Inc.*, No. 13-cv-8488, 2014 WL 3710144 (S.D.N.Y. Jul. 25, 2014), another FLSA action in which Judge Sullivan of this court concluded that the named plaintiff's acceptance of a Rule 68 motion "did not terminate the case" as long as some other members of the proposed collective action had filed opt-in notices. *Id.* at *2-4. It did not matter that the action had not yet been conditionally certified. *See id.* The opt-in notice constituted joinder, meaning that the opt-in plaintiffs were parties. *Id.* Because no Rule 68 offers had been made to moot the claims of those opt-in parties, there was still a live controversy to adjudicate. *Id.*

On October 23, 2014, Judge Forrest refused to reconsider her decision in the absence of *controlling* (i.e., Second Circuit or Supreme Court) precedent. *Lauer*, No. 14-cv-00868, Docket #80.

In the meantime, the defendants had filed the instant motion to dismiss in this action because of the "pending action" before Judge Forrest, or, in the alternative, to have it transferred to Judge Forrest. Their motion also sought sanctions against the plaintiffs.

In their reply brief, defendants concede that the first-to-file rule no longer warrants dismissal because Judge Forrest denied the *Lauer* plaintiffs' motion for reconsideration. Thus, there is no "first filed" case pending that would preclude these plaintiffs from bringing the instant suit. The reply brief also appears to drop the request that the case be transferred to Judge Forrest, in light of her decision not to accept the case as related.

However, defendants continue to seek sanctions under Rule 11 for the plaintiffs having filed, "without any . . . legal basis . . . two lawsuits in the same courthouse with identical parties and identical claims." *See* Docket #18 at 2.

3

## DISCUSSION

The only remotely sanctionable conduct was committed by defendants and their counsel.

Contrary to defendants' repeated representations in their papers, under the law of this case, this suit has neither "identical parties" nor "identical claims" to the *Lauer* action. That was precisely the point of Judge Forrest's September 15 opinion. In that decision, Judge Forrest found that Charlery, Jereis, and Markevics' claims were not properly before her at all. Charlery *et al.* had not joined the *Lauer* action as named plaintiffs, and had instead only purported to opt-in to a collective action she had not certified. On those facts, Judge Forrest found the defendants' Rule 68 offers rendered the opt-ins' claims so procedurally nebulous that she lacked subject matter jurisdiction over them. Indeed, it was the defendants who originally took that position. *See Lauer*, No. 14-cv-00868, Def. Mem. of Law in Support of Mot. to Dismiss, Docket #61.

I do not take kindly to the defendants' suggestion that the plaintiffs lacked any "legal basis" to file a complaint of their own on September 23, 2014. On September 15, 2014, Judge Forrest advised the plaintiffs that they could do precisely that, because the only claims that had been settled were the claims of the individuals who accepted the defendants' Rule 68 offers in *Lauer*. *See* No. 14-cv-00868, Docket #75 at 7 ("opt-in plaintiffs . . . remain free to file their own actions for overtime compensation against defendants.").

In sum, there will be no sanctions against plaintiffs or their counsel. Defendants should count themselves lucky that I am not sanctioning them now for trying to mislead the Court.

Because there are already two opt-ins in *this* suit, defendants should note that I find Judge Sullivan's opinion in *Gonyer* persuasive. Judge Forrest's opinion dismissed the *Lauer* suit despite the presence of opt-ins who, unlike the named plaintiffs, received no Rule 68 offers. In doing so, Judge Forrest relied on *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527-32 (2013). But I do not read *Genesis* to support the result in *Lauer*. In *Genesis*, the Supreme Court held that

4

the FLSA plaintiff's "suit became moot when her individual claim became moot," but only "*in the absence of any claimant's opting in.*" *Id.* at 1530 (emphasis added). Court certification of a collective action is not a prerequisite to a plaintiff joining a collective action as an opt-in plaintiff. *Gonyer*, 2014 WL 3710144, at *1-2. Instead, "nothing in the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when [notice by the district court] has not been sent, so long as such plaintiffs are 'similarly situated' to the named individual plaintiff who brought the action." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 n.10 (2d Cir. 2010). Conditional certification is "neither necessary nor sufficient" to add plaintiffs to a collective action. *Id.* Thus, *Gonyer* explains, offers of judgment that satisfy the named plaintiffs' claims – but do not address opt-in plaintiffs' pending claims – should not automatically terminate the suit. *Id.*

The *Gonyer* rule is a sensible one. Opting in – even before a collective action has been certified – signals a claim that will require adjudication. It would be wasteful to allow employers to delay that adjudication by picking off named plaintiffs through Rule 68 offers and ignoring opt-in plaintiffs. Doing so forces would-be opt-in plaintiffs either to (a) file entirely new suits, an expensive and inefficient proposition, or else (b) all be joined as named plaintiffs from the beginning, which seems to be an end-run around the FLSA's collective action scheme.

In light of Rule 1's call for efficiency, Rule 68 should not be construed as a mallet in a game of procedural whack-a-mole. *Genesis* does not compel that result, and I do not intend to adopt it here.

5

## CONCLUSION

For the foregoing reasons, the defendants' motion for dismissal, transfer and/or sanctions is denied in its entirety. The Clerk of the Court is directed to remove Docket No. 8 from the Court's list of pending motions.

The case will be conferenced on Friday, November 7 at 9:30 a.m.

Dated: November 6, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

6